IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

SEP 1 1 2009

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | SA-06-CR-291-OG |
| MARK EDWARD KEDROWSKI, | ) | |
| MATTIE LAVERNE EPPERSON, | ) | |
| PEDRO MARTINEZ, JR., | ) | |
| MARK GUDANOWSKI and | ) | |
| DEBORAH ROBINSON | ) | |
| | ) | |
| Defendants. | ) | |

## JURY CHARGE

### I. General Instructions

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions that apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case,

and finally I will explain to you the procedures you should follow in your deliberations.

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendants are presumed by the law to be innocent. The law does not require a defendant to prove his/her innocence or produce any evidence at all and no inference whatsoever may be drawn from the election of a defendant not to testify. The government has the burden of proving the defendants guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendants.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendants' guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendants' guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence, you should not be concerned about whether evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct

4

or circumstantial evidence.

Certain charts and summaries have been received into evidence. Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence. You should give them only such weight as you think they deserve.

I remind you that it is your job to decide whether the government has proved the guilt of defendants beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witnesses' testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness

have the opportunity and ability to understand the questions clearly and answer them directly? Did the testimony of the witness differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

No inference whatsoever may be drawn from the election of a defendant not to testify. If a defendant does testify, his/her testimony should be weighed and his/her credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

Where a defendant has offered evidence of good general reputation for truth and veracity, or honesty and integrity, or as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character

in respect to those traits would commit such a crime.

You will always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

The testimony of an alleged accomplice, and the testimony of one who provides evidence against a defendant for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the

testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has received. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

In this case the government called alleged accomplices and co-defendants with whom the government may have entered into plea agreements providing for lesser sentences than the co-defendant would otherwise be exposed to for the offenses to which the co-defendant plead guilty. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. Again, you should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a plea of guilty

to the offense charged is not evidence of the guilt of any other person.

You have been told that the witnesses James Jackson, Althea Jackson, Lance Williams and Luis Vasquez were convicted of wire fraud. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of any Defendant's guilt.

You are instructed that the word "knowingly" as that term is used in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his/her eyes to what would otherwise have been obvious to him/her. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself/herself to the existence of a fact.

You have heard evidence of acts of the defendants which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendants committed the

acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes. If you find beyond a reasonable doubt from other evidence in this case that the defendants did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine: Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment; or whether the defendant had a motive or the opportunity to commit the acts charged in the indictment; or whether the defendant acted according to a plan or in preparation for commission of a crime; or whether the defendant committed the acts for which he/she is on trial by accident or mistake. These are the limited purposes for which any evidence of other similar acts may be considered.

The offenses of wire fraud and conspiracy to commit wire fraud, as charged in the indictment, require proof that the defendants acted with specific intent to defraud. If you find that a defendant acted in "good faith," that would be a complete defense to these charges, because good faith on the part of the defendant would be inconsistent with specific intent to defraud.

A person acts in "good faith" when he or she has an honestly held belief, opinion, or understanding that the transactions in which he or she is participating are legitimate and lawful, even though the belief, opinion, or understanding turns out to

be inaccurate or incorrect. Thus, in this case, if a defendant made an honest mistake or had an honest misunderstanding about the nature and origin of the NRMR tickets, whether the tickets could legitimately be sold and distributed, and the circumstances under which the tickets could be used, then he or she did not act with the specific intent to defraud.

A defendant did not act in "good faith," however, if, even though he or she honestly held a certain opinion or belief or understanding, he or she also knowingly made false statements, representations or promises to others.

The defendants do not have the burden of proving "good faith." Good faith is a defense because it is inconsistent with the requirement of the offenses charged, that defendants acted with specific intent to defraud. As I have told you, it is the government's burden to prove beyond a reasonable doubt each element of the offenses, including the mental state element. In deciding whether the government proved that a defendant acted with intent to defraud or, instead, whether a defendant acted in good faith, you should consider all of the evidence presented in the case that may bear on the defendant's state of mind. If you find from the evidence that a defendant acted in good faith, as I have defined it, or if you find for any other reason that the government has not proved beyond a reasonable doubt that a defendant acted with intent to defraud, you must find the defendant not guilty of the offenses of wire

fraud and conspiracy to commit wire fraud.

You will note that the indictment charges that the offenses were committed on or about specified dates. The government does not have to prove that the crimes were committed on those exact dates, so long as the government proves beyond a reasonable doubt that the defendants committed the crimes on dates reasonably near the dates stated in the indictment.

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crimes charged against them. The defendants are not on trial for any act, conduct or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, including other third party recipients of NRMR tickets, except as you are otherwise instructed.

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not

guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant. You should not be influenced by any person's race, color, religion, national ancestry or sex.

I will now read the elements of the crimes alleged against the defendants in each count of the third superseding indictment.

## II. Elements of the Crimes

### COUNTS ONE, TWO, FOUR, FIVE AND EIGHT

### WIRE FRAUD

**Title 18, United States Code, Section 1343,** makes it a crime for anyone to use interstate wire communications facilities in carrying out a scheme to defraud. In this case, each of the defendants are charged, in separate counts, with wire fraud.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly created a scheme to defraud – in this case, a scheme to defraud Southwest Airlines by selling, distributing and misrepresenting the nature and origin of NRMR tickets that had been stolen from Southwest Airlines, thereby depriving Southwest Airlines of revenue to which it

13

would have otherwise been entitled;

*Second:* That the defendant acted with a specific intent to defraud;

*Third:* That the defendant used interstate wire communications facilities, or caused another person to use interstate wire communications facilities, for the purpose of carrying out the scheme; and

*Fourth:* That the scheme to defraud employed false material representations.

A "scheme to defraud" includes any scheme to deprive another of money, property, ~~or of the intangible right to honest services~~ by means of false or fraudulent pretenses, representations, or promises.

An "intent to defraud" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme, or that the material transmitted by wire was itself false or fraudulent, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the interstate wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate commerce in an attempt to execute or carry out the scheme.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate wire communications facilities in furtherance of a scheme to defraud constitutes a separate offense.

## COUNT NINE

## CONSPIRACY TO COMMIT WIRE FRAUD

**Title 18, United States Code, Section 1349**, makes it a crime for anyone to conspire with someone else to commit wire fraud. A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant and at least one other person made an agreement to commit the crime of wire fraud as charged in the indictment; and

*Second:* That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him/her for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

16

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

You must determine whether the conspiracy charged in the indictment existed, and, if it did, whether the defendant was a member of it. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed. If you find that a defendant was not a member of the conspiracy charged in the indictment, then you

17

must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

### III. Duty to Deliberate -- Verdict Form

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous as to each count against each defendant as charged in the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts. Your sole duty is to decide whether the government has proved the defendants' guilt beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations

and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

[Court explains verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment - either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict by writing his or her juror number.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message. Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

GIVEN: _____.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

UNITED STATES OF AMERICA          §
                                  §
                                  §
                                  §
v.                                §    CRIMINAL NO: SA-06-CR-291-OG
                                  §
                                  §
                                  §
                                  §
                                  §
MARK EDWARD KEDROWSKI (8)         §

### *VERDICT*

   **WE THE JURY, FIND:**   The defendant, Mark Edward
Kedrowski

_____       AS CHARGED IN COUNT TWO OF THE
"GUILTY" OR "NOT GUILTY"       THIRD SUPERSEDING INDICTMENT,


_____       AS CHARGED IN COUNT NINE OF THE
"GUILTY" OR "NOT GUILTY"       THIRD SUPERSEDING INDICTMENT.


_____               _____
FOREPERSON'S SIGNATURE                 DATE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § |
| | § |
| v. | § CRIMINAL NO: SA-06-CR-291-OG |
| | § |
| | § |
| | § |
| | § |
| | § |
| MATTIE LAVERNE EPPERSON (9) | § |

## *VERDICT*

**WE THE JURY, FIND:**  The defendant, Mattie Laverne Epperson,

_____     AS CHARGED IN COUNT FOUR OF THE
"GUILTY" OR "NOT GUILTY"     THIRD SUPERSEDING INDICTMENT,


_____     AS CHARGED IN COUNT NINE OF THE
"GUILTY" OR "NOT GUILTY"     THIRD SUPERSEDING INDICTMENT.




_____                 _____
FOREPERSON'S SIGNATURE                   DATE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

UNITED STATES OF AMERICA          §
                                  §
                                  §
                                  §
v.                                §    CRIMINAL NO: SA-06-CR-291-OG
                                  §
                                  §
                                  §
                                  §
                                  §
PEDRO MARTINEZ, JR.(10)           §

## *VERDICT*

**WE THE JURY, FIND:**  The defendant, Pedro Martinez, Jr.,

_____      AS CHARGED IN COUNT EIGHT OF THE
"GUILTY" OR "NOT GUILTY"     THIRD SUPERSEDING INDICTMENT,


_____      AS CHARGED IN COUNT NINE OF THE
"GUILTY" OR "NOT GUILTY"     THIRD SUPERSEDING INDICTMENT.


_____              _____
FOREPERSON'S SIGNATURE               DATE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

UNITED STATES OF AMERICA     §
                               §
                               §
                               §
v.                            §   CRIMINAL NO: SA-06-CR-291-OG
                               §
                               §
                               §
                               §
                               §
MARK GUDANOWSKI (11)       §

## ***VERDICT***

**WE THE JURY, FIND:** The defendant, Mark Gudanowski,

_____      AS CHARGED IN COUNT ONE THE
"GUILTY" OR "NOT GUILTY"    THIRD SUPERSEDING INDICTMENT,

_____      AS CHARGED IN COUNT NINE OF THE
"GUILTY" OR "NOT GUILTY"    THIRD SUPERSEDING INDICTMENT.

_____             _____
FOREPERSON'S SIGNATURE             DATE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

UNITED STATES OF AMERICA          §
                                  §
                                  §
                                  §
v.                                §    CRIMINAL NO: SA-06-CR-291-OG
                                  §
                                  §
                                  §
                                  §
                                  §
DEBORAH ROBINSON (12)             §

## VERDICT

**WE THE JURY, FIND:** The defendant, Deborah Robinson,

_____          AS CHARGED IN COUNT FIVE THE
"GUILTY" OR "NOT GUILTY"          THIRD SUPERSEDING INDICTMENT,


_____          AS CHARGED IN COUNT NINE OF THE
"GUILTY" OR "NOT GUILTY"          THIRD SUPERSEDING INDICTMENT.


_____          _____
FOREPERSON'S SIGNATURE            DATE